UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CENTENNIAL BANK,**

      **Plaintiff,**

v.                                                                   Case No: 6:20-cv-2237-ACC-EJK

**FELIPE VAZQUEZ,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's Supplemental Motion for Attorney's Fees and Costs (the "Motion"). (Doc. 21.) Upon consideration, I respectfully recommend that the Motion be granted.

## I. BACKGROUND

Plaintiff filed the underlying action against Defendant on December 8, 2020. (Doc. 1.) In the Complaint, Plaintiff alleged that Defendant breached the parties' contracts and demanded specific performance under their Security Agreement. (*See id.* ¶¶ 32–50). After Plaintiff's first Motion for Clerk's Entry of Default was denied without prejudice (*see* Docs. 9, 12), Plaintiff filed a Renewed Motion for Clerk's Entry of Default. (Doc. 13.) On February 1, 2021, the Clerk entered default against Defendant. (Doc. 14.) Consequently, Plaintiff filed its Motion for Final Default Judgment on April 14, 2021 (Doc. 18), which the Court granted. (Doc. 19.) In the Order for default judgment, the Court found that Plaintiff was entitled to an award of reasonable

attorney's fees and costs and directed Plaintiff to file the instant supplemental motion as to the amount of attorney's fees. (*Id.* at 9–10.)

## II.  STANDARD

The Court uses the familiar "lodestar" method to determine a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate(s) and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Finally, the party seeking an award of expenses bears the burden of submitting a request that enables the court to determine what expenses the party incurred and why it is entitled to an award of those expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

### III. DISCUSSION

Plaintiff requests an award of $19,513 in attorney's fees after adjusting for any charges that were either "'excessive, duplicative, clerical, or otherwise unreasonable' in compliance with Local Rule 7.01(c)(4)(E)."[1] (Doc. 21 at 6.) The Court previously found that Plaintiff was entitled to attorney's fees when it granted default judgment (Doc. 19), so the undersigned will address only the reasonableness of the hourly rate and hours expended.

**A. Reasonableness of Hourly Rate**

Plaintiff requests that the Court find reasonable the hourly rates of:

- $505 for attorney John A. Anthony, Partner
- $345 for Andrew J. Ghekas, Associate
- $350 for Andrew J. Ghekas, Partner[2]

(Doc. 21-1, Ex. A ¶ 4–6.)

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing

---

[1] Plaintiff adjusted this amount down from a total of $23,221.50. (Doc. 21 at 5.) The pre-adjusted rate included fees for another associate and two paralegals, but these fees were removed. (*See* Docs. 21-1, Ex. A ¶ 5; 21-2, Comp. Ex. A at 1–3.)
[2] Mr. Ghekas's rate increased once he made Partner at A&P. (Doc. 21 at 5–6.) The $345 rate is used to calculate the total for work he performed before the rate increase, and $350 rate is used to calculate the total for work he performed after the increase. (*Id.*)

market rates. *Id.*

In the Motion, Plaintiff asserts that courts in this District have found similar hourly rates to be reasonable. (*Id.* at 7); *Piper v. Metro Solutions, LLC*, No. 8:18-cv-3038-T-TPB-JSS, 2021 WL 1341460, at *6 (M.D. Fla. Feb. 16, 2021), report and recommendation adopted, 8:18-cv-3038-TPB-JSS, 2021 WL 1050140 (March 19, 2021) (finding a rate of $350 per hour to be a reasonable hourly rate for an attorney with seven years of experience and $450 per hour to be a reasonable hourly rate for an attorney with twenty years of experience); *Omnipol, A.S., v. Christopher Worrell*, 8:19-cv-794-VMC-TGW, 2021 WL 1842212 (M.D. Fla. Mar. 23, 2021), report and recommendation adopted, 8:19-cv-794-VMC-TGW, 2021 WL 1840513 (May 7, 2021) (finding that, although on the high side, the blended hourly rate of $353.05 comprised of a senior attorney hourly rate of $510–$550 and junior attorney hourly rates of $270–$295 to not be unreasonable). Additionally, Attorney Anthony has over thirty years of experience "handling loan enforcement litigation on behalf of creditors" and Attorney Ghekas has been practicing for over 6 years handling loan enforcement. (Doc. 21 at 6–7.) Given the undersigned's own knowledge of market rates, and Attorney Ghekas's Affidavit, Plaintiff has demonstrated that $505 per hour for Attorney Anthony and $345–$350 an hour for Attorney Ghekas are reasonable.

### B. Reasonableness of Hours Expended

The next step in the analysis is to determine what hours were reasonably expended. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N & D Inv. Corp.*,

432 F. App'x 801, 806 (11th Cir. 2011) (unpublished) (internal quotation marks omitted). Courts may cut specific hours, or may engage in "an across-the-board cut," so long as the court adequately explains its reasons for doing so. *Id.*

Plaintiff seeks compensation for 50.60 hours of attorney time (12.30 hours for Attorney Anthony and 38.30 hours for Attorney Ghekas). (Doc. 21-1, Ex. A ¶ 7–8.) The undersigned has reviewed the billing records of Attorneys Anthony and Ghekas (Doc. 21-2, Comp. Ex. A) and finds the amount of time expended was reasonable. The billing entries are limited to time spent litigating Plaintiff's breach of contract and specific performance claims and do not include tasks that are clerical, secretarial, or excludable as unnecessary.

Because I find the time spent litigating the Plaintiff's claims and Attorneys Anthony and Ghekas's hourly rates to be reasonable, I recommend the Court approve an attorney's fee award of $19,513.

IV. **RECOMMEDATION**

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT** the Motion (Doc. 21).
2. **AWARD** Plaintiff $19,513.00 in attorney's fees.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written

objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

    Recommended in Orlando, Florida on October 14, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record